# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| RICHARD E. HARR | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   14-cv-1152 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# O R D E R   &   O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed on April 21, 2014. (Doc. 1). In 2006, Petitioner was convicted of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) upon a plea of guilty. (Judgment, *United States v. Harr*, No. 05-cr-10041 (C.D. Ill. 2006), Doc. 91). He was originally sentenced to a term of 240 months' imprisonment. (*Id.*). However, this sentence was later reduced to 160 months upon the Government's Rule 35 motion. (May 15, 2009 Minute Entry, Doc. 120, No. 05-cr-10041).

Section 2255 of Chapter 28 of the United States Code provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires district courts to conduct preliminary

reviews of § 2255 motions. The rule states in relevant part: "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

In the present motion, Petitioner presents two grounds upon which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. First, he argues that *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013), requires that sentencing enhancements must be properly noticed in an indictment and proven to a jury beyond a reasonable doubt to satisfy the Sixth Amendment of the United States Constitution. (Doc. 1 at 4). Second, Petitioner argues that pursuant to *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013), a prior conviction for possession of methamphetamine could not be used as a predicate for application of a sentencing enhancement under 21 U.S.C. § 851. (*Id.* at 5). These grounds are without merit.

Petitioner's first and unavoidable impediment is that his petition is untimely on its face.  Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal his judgment, so his conviction became final when the deadline for filing a notice of appeal expired. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). Petitioner was sentenced and judgment was entered on August 4, 2006. (No. 05-cr-10041, Doc. 91). Petitioner had ten days thereafter to file a notice of appeal. Fed. R. App. P. 4(b) (2005). Therefore, Petitioner's conviction became final on August 14, 2006, when his time to file a notice of appeal expired. Under § 2255(f), Petitioner had until August 14, 2007, to file his § 2255 motion.[1]

---

[1] The Court is aware that Petitioner was resentenced in May 2009 because of the Court's grant of a Government motion brought under Federal Rule of Criminal Procedure 35. Petitioner was resentenced and Amended Judgment was entered on May 15, 2009. (No. 05-cr-10041, Doc. 120), which means the deadline to file a notice of appeal would have been May 29, 2009 and the one year time period to file his §2255 motion would have expired on June 1, 2010, the first day not a Saturday, Sunday or legal holiday. Petitioner did not file his motion until April 21, 2014. Therefore, in this particular case, accepting the later start date would still result in Petitioner's motion being time-barred, so there is no need for the Court to belabor the point any further. Moreover, other district courts in this judicial circuit and Courts of Appeals from other judicial circuits have concluded that resentencing does not reset the clock for purposes of applying the statute of limitations imposed by 28 U.S.C. § 2255(f), *see e.g.*, *Morning v. United States*, No. 09-CV-252-WDS, 2012 WL 4387851, at *3 (S.D. Ill. Sept. 25, 2012); *United States v. Steele*, No. 97-C-7040, 1998 WL 26173, at *1 (N.D. Ill. January 15, 1998); *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001); *United States v. Schwartz*, 274 F.3d 1220, 1224 (9th Cir. 2001).

Undoubtedly, Petitioner thinks that 28 U.S.C. § 2255(f)(3) applies to his 2255 motion, but it does not. Section 2255(f)(3) permits the one year statute of limitation period for filing a 2255 motion to begin running on the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Although both the cases upon which Petitioner relies were decided less than one year ago, in June 2013, neither case contains rules or newly recognized rights that have been made retroactively applicable to cases on collateral review by the Supreme Court or any lesser federal courts.

As for the case of *Alleyne v. United States*, 133 S. Ct. 2151 (June 17, 2013), the Seventh Circuit has already explicitly 1) recognized that the new rule announced in that case was not held by the Supreme Court to apply retroactively on collateral attack and 2) prognosticated that it is highly unlikely *Alleyne* will ever be held to apply retroactively on collateral attack in the future. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013), *see United States v. Harris*, 741 F.3d 1245, 1250 (11th Cir. 2014) (explaining that *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity under the precedent of *Tyler v. Cain*, 533 U.S. 656, 666 (2001)). The *Simpson* court explained that *Alleyne* was not before the Supreme Court on collateral review nor did the Court declare that *Alleyne*'s new rule applied retroactively on collateral attack. 721 F.3d at 876. The *Simpson* court recognized that since 1) *Alleyne* was an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and 2) since the Supreme Court has held that the rules based on *Apprendi* do not apply retroactively on collateral

review, then the implication is that the Supreme Court will not declare *Alleyne* to be retroactive. 721 F.3d at 876.

Although under *Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001), any district court, court of appeals, or the Supreme Court can render a decision that a newly recognized right by the Supreme Court is retroactively applicable to cases on collateral review for purposes of satisfying § 2255(f)(3), this Court has not found any court that has done so. In fact, every Court of Appeals to consider the issue has held that *Alleyne*'s rule does not have retroactive application. *Simpson*, 721 F.3d 875 (7th Cir.); *Harris*, 741 F.3d 1245 (11th Cir.); *In re Payne*, 733 F.3d 1027, 1030 (10th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013); *United States v. Winkelman*, No. 03-4500, 2014 WL 1228194 (3d Cir. Mar. 26, 2014). This Court sees no reason to depart from those superior courts' holdings. Therefore, *Alleyne* cannot serve as a basis to apply § 2255(f)(3).

As for *Descamps v. United States*, 133 S. Ct. 2276 (June 20, 2013), in that case the Supreme Court held that a California petitioner's state law conviction for burglary should not have counted as a violent offense under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Id.* at 2293. The *Descamps* court made clear that the so-called "modified categorical" approach for determining when a defendant's prior conviction counts as one of ACCA's enumerated predicate offenses can only be used with criminal statutes that list multiple potential offense elements in the alternative, such that it is not immediately clear which elements "played a part in the defendant's conviction." *Id.* at 2283.

*Descamps*, 133 S. Ct. 2276, just like *Alleyne*, 133 S. Ct. 2151, was before the Supreme Court on direct review, not collateral review. Nor did the Supreme Court announce in *Descamps*, or in any subsequent case for that matter, that its holding was to apply retroactively on collateral review. Most importantly, *Descamps* did not announce a new rule of law. "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted).

In the *Descamps* opinion, the Supreme Court repeatedly used language to communicate that it was <u>clarifying</u> existing law and <u>reaffirming</u> clearly established Supreme Court precedent over the approach of a single Circuit Court. *E.g.*, 133 S. Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case."), at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."), at 2288 ("[The Ninth Circuit's ruling flouts our reasoning—here, by extending judicial factfinding beyond the recognition of a prior conviction. Our modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction, as we have held the Sixth Amendment permits. But the Ninth Circuit's reworking authorizes the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct."). It is clear then that *Descamps* did not announce a new rule, but rather reaffirmed

existing Supreme Court precedent while rejecting the Ninth Circuit Court of Appeal's departure from established Supreme Court caselaw.[2] Therefore, *Descamps* cannot serve as a justification for the application of §2255(f)(3).

Pursuant to 28 U.S.C. § 2255 and Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has considered the grounds set forth in Petitioner's motion, and finds the motion has no merit as it is untimely, not subject to any exception to § 2255(f)'s statute of limitations and therefore, must be dismissed.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) even though Petitioner has not requested one.

According to 28 U.S.C. § 2253, a habeas petitioner will only be allowed to appeal issues for which a certificate of appealability has been granted." *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of

---

[2] Several other courts have also found that *Descamps* does not have retroactive application. *E.g.*, *United States v. Davis*, No. 13 C 50360, 2014 WL 1047760, at *5 (N.D. Ill. Mar. 18, 2014); *Hunter v. United States*, No. CIV-13-366-RAW, 2014 WL 897019, at *2 (E.D. Okla. Mar. 6, 2014); *Monroe v. United States*, 3:13-CV-2546-G BK, 2013 WL 6199955, at *2-3 (N.D. Tex. Nov. 26, 2013); *United States v. Glover*, No. 05-CR-0111, 2013 WL 4097915, at *3 (N.D. Okla. Aug. 13, 2013). This Court has not found any cases that considered the issue and have concluded otherwise.

a constitutional right. *Id.* (citing 28 U.S.C. § 2253(c)). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For cases in which a district court denies a habeas claim on procedural grounds, the habeas court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

Consistent with the discussion above, the Court finds that no reasonable jurists would differ on the Court's treatment of Petitioner's 2255 motion. Petitioner's 2255 motion is untimely, no exemptions to the applicable statute of limitations apply, and the cases upon which Petitioner relies to support his claims either do not apply retroactively or do not announce newly recognized rights. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[3]

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") (Doc. 1) is

---

[3] When a district court denies a certificate of appealability, a petitioner may not appeal the denial but should follow the procedures outlined in Federal Rule of Appellate Procedure 22. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

DISMISSED as untimely. No Certificate of Appealability shall issue from this Court. IT IS SO ORDERED.

CASE TERMINATED.

Entered this <u>28th</u> day of April, 2014.


                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                                        United States Senior District Judge